UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80632-CIV-CANNON/Reinhart

JAMES BERNARD PAROS,

    Plaintiff,
v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION [ECF No. 33]

**THIS CAUSE** comes before the Court upon the parties' Motions for Summary Judgment [ECF Nos. 25, 28]. On June 28, 2022, following a referral order [ECF Nos. 4, 10], Judge Reinhart issued a report ("the Report") recommending that Plaintiff's Motion for Summary Judgment [ECF No. 25] be denied, and that Defendant's Motion for Summary Judgment [ECF No. 28] be granted. The Court has reviewed the Report [ECF No. 33], Plaintiff's Objections [ECF No. 34], Defendant's Response to Plaintiff's Objections [ECF No. 35], and the full record. For the reasons set forth below, the Report [ECF No. 33] is **ACCEPTED** in accordance with this Order.

### RELEVANT BACKGROUND

On August 20, 2018, Plaintiff applied for Supplemental Security Income benefits in connection with an alleged period of disability beginning on March 1, 2017 [ECF No. 20 p. 14; ECF No. 33 p. 1]. The disability stems from an accident in 2016 when Plaintiff was struck by a car while riding a bicycle and suffered injuries to his left knee and left shoulder [ECF No. 20 p. 41]. On December 11, 2018, the Social Security Administration ("SSA") denied Plaintiff's claims [ECF No. 20 pp. 61–67]. The SSA again denied Plaintiff's claims upon reconsideration on

June 3, 2019 [ECF No. 20 pp. 68–77]. On April 29, 2020, following Plaintiff's request for a hearing before an administrative law judge ("ALJ"), an ALJ (hereinafter "the ALJ") held a telephonic hearing at which Plaintiff was represented by counsel [ECF No. 20 p. 14].

On May 8, 2020, following the hearing, the ALJ issued a detailed decision finding that Plaintiff was not "disabled" as defined by the Social Security Act [ECF No. 20 pp. 14–24]. The ALJ based its decision on, among other things, the full scope of Plaintiff's medical records, disability reports, the opinions of state agency medical consultants, and Plaintiff's testimony at the hearing [ECF No. 20 pp. 22–24]. Although the ALJ found that Plaintiff had various impairments, including a history of left shoulder repair, left knee arthroscopy, carpal tunnel syndrome bilaterally, and obesity, the ALJ concluded that Plaintiff did not have a severe impairment that significantly limited Plaintiff's ability to perform basic work-related activities as required by Sections 416.921–416.922 of Title 20 of the Code of Federal Regulations [ECF No. 20 pp. 16–17; ECF No. 33 p. 5].

In its analysis, the ALJ found that portions of the opinions provided by Plaintiff's doctors were unpersuasive [ECF No. 20 p. 19; ECF No. 33 p. 5]. Specifically, the ALJ rejected Dr. Baker's opinion that Plaintiff had a 3% permanent impairment rating and that Plaintiff "was at a maximum medical improvement at 3% for the left knee, 3% for the left shoulder, 3% for the left carpal tunnel release, and has a whole body of 9%" [ECF No. 20 p. 19; ECF No. 33 p. 5]. The ALJ noted in its rejection of this assessment that the term "maximum medical improvement" is not a term used by the SSA [ECF No. 20 p. 19; ECF No. 33 p. 5]. Additionally, the ALJ rejected Plaintiff's argument that he was severely impaired because another physician (Dr. Ethan Chapin) instructed him generally in May 2018 to elevate his legs above the heart while lying down [ECF No. 20 p. 19; ECF No. 33 p. 5]. That non-specific instruction in May 2018, the ALJ found, did not support a finding of permanent restriction in May 2020; Plaintiff had not sought any

treatment for the source condition (edema) since June 2018, indicating that Plaintiff's edema had resolved [ECF No. 20 pp. 19–20 (noting absence of any evidence of ongoing treatment or visits for edema); ECF No. 33 p. 5].

The ALJ also found that Plaintiff's testimony at his hearing regarding the "intensity, persistence, and limiting effects of his symptoms" was inconsistent with the medical evidence [ECF No. 20 p. 18; ECF No. 33 p. 6].  The ALJ relied on the findings of two doctors who served as consultants for a state agency and evaluated Plaintiff in May 2019 and June 2019, respectively [ECF No. 20 p. 20].  One such doctor, a psychological consultant, determined that Plaintiff did not suffer from any "medically determinable mental impairments" [ECF No. 20 p. 75].  The other doctor, a physician, determined that Plaintiff did not suffer from a severe medical impairment [ECF No. 20 pp. 20, 74].  These findings, the ALJ determined, were supported by Plaintiff's medical records, which indicated that Plaintiff had not visited a doctor for any reason following Plaintiff's appointments with the state consultants in May 2019 [ECF No. 20 p. 20].  Additionally, Plaintiff's medical records indicated that Plaintiff had not undergone any medical treatment or taken any medication for any of his alleged impairments since August 2018 [ECF No. 20 p. 20].  Finally, the ALJ noted that Plaintiff was able to return to work after his bicycle accident [ECF No. 20 p. 20].

Following the ALJ's denial of Plaintiff's claims, Plaintiff requested review of the ALJ's decision before the SSA's Appeals Council [ECF No. 1-1 p. 2].  Upon consideration of that request, the Appeals Council found no basis to alter the ALJ's decision, making the ALJ's decision the final decision of the Commissioner in Plaintiff's case [ECF No. 20 p. 5 (summary order); ECF No. 1-1 p. 2].

Plaintiff initiated the instant action on March 31, 2021, seeking court review of the administrative decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) [ECF No. 1].  Plaintiff

moved for summary judgment on January 24, 2022 [ECF No. 25], and Defendant moved for the same on March 28, 2022 [ECF No. 28].[1]  On April 27, 2022, Plaintiff submitted a brief opposing Defendant's motion for summary judgment and further supporting his own [ECF No. 30].

On June 29, 2022, Judge Reinhart entered a comprehensive Report outlining the applicable law, summarizing the underlying record, and determining that the ALJ's decision was legally sound and supported by substantial evidence [ECF No. 33].  Plaintiff timely objected [ECF No. 34].  Defendant thereafter responded [ECF No. 35].  The Report is ripe for adjudication.

**LEGAL STANDARD**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.  Legal conclusions are reviewed de novo, even in the absence of an objection.  *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

A district court's review of the factual findings in a disability case is limited to an inquiry into whether substantial evidence exists to support the ALJ's findings and whether the correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

---

[1] Defendant's Motion for Summary Judgment contains Defendant's Response in Opposition to Plaintiff's Motion [*see* ECF No. 28].

*Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).  If the ALJ's decision is supported by substantial competent evidence from the record as a whole, a district court will not disturb that decision.  Nor may a court reweigh the evidence or substitute its own judgment for that of the ALJ.  *See Wolfe v. Chater*, 86 F.3d 1072, 1076 (11th Cir. 1996).  Although factual findings enjoy such a deference, a court may review the ALJ's legal analysis and conclusion *de novo*.  *See Ingram v. Comm'r*, 496 F.3d 1253, 1260 (11th Cir. 2007).

**DISCUSSION**

Plaintiff raises the broad argument that the Magistrate Judge erred in finding substantial evidence to support the ALJ's determination that Plaintiff did not have a severe disability [ECF No. 34 p. 1].  In support of this conclusion, Plaintiff raises a series of subsidiary challenges to the Report and to the ALJ's findings.  These challenges are as follows (1) neither the ALJ nor the Magistrate Judge placed enough weight on Plaintiff's medical records pre-dating the onset of his alleged disability [ECF No. 34 p. 1-2]; (2) the Magistrate Judge erred by accepting the ALJ's determination that Dr. Baker's assessment of a 9% whole-body impairment was unpersuasive; (3) the Magistrate Judge erred by not addressing Plaintiff's Summary Judgment argument that Plaintiff did not have recent treatment records due to a lack of health insurance; (4) Plaintiff's work experience following his disability is not inconsistent with a severe physical impairment; and (5) the Magistrate Judge erred by improperly looking to the impairments listed in Section 1.18 of the SSA's Listing of Impairments in determining that the ALJ's decision was correct.[2]

---

[2] Defendant agrees that the Magistrate Judge should not have discussed the Listing of Impairments in Appendix 1 to Subpart P of Part 404 (specifically, Section 1.18) [ECF No. 35].  As Defendant explains, once an ALJ reaches a finding of non-severe impairment at step two of the five-step evaluation process, the inquiry ends, and no discussion of the step three Listing of Impairments is

Plaintiff's first four subsidiary challenges essentially reduce to one main argument: that the ALJ did not give proper weight to the evidence that supported Plaintiff's claim for disability. As explained below, these challenges fail because substantial evidence supports the ALJ's decision. *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1103 (11th Cir. 2021) (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1266-67 (11th Cir. 2015) (internal quotations omitted)); *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." (internal quotation marks omitted)).

### A. Sufficiency of Evidence

Despite Plaintiff's assertion to the contrary, the ALJ considered Plaintiff's medical records pre-dating the onset of his impairment, ultimately concluding, however, that Plaintiff's more recent medical history did not support a finding of severe impairment [ECF No. 25 pp. 3–10; ECF No. 20

---

warranted [ECF No. 35 p. 3].

Step one of the five-step process requires a claimant to prove that he is not currently engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1520. If the claimant is engaged in substantial gainful activity, the claimant is not disabled, requiring no further analysis. *See* 42 U.S.C. § 1382c(a)(3)(A). *Id.* If, however, the claimant is not engaged in substantial activity, the analysis shifts to step two, where the ALJ considers the medical severity of the claimed impairment(s). 20 C.F.R. § 404.1520(a)(4)(ii). If a claimant cannot establish that his impairment is severe at step two, the claimant is not disabled, the inquiry ends, and the ALJ is directed by the regulation not to proceed to step three to consider the Listing of Impairments in Appendix 1. *Id.* § 404.1520(a)(4)(iii) (noting that, at step three, "we also consider the medical severity of your impairment(s)," referencing "one of our listings in appendix 1 of this subpart"). *Id.* § 404.1520(a)(4)(iii); 20 C.F.R. § Pt. 404, Subpt. P, App. 1; 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.").

In this case, although the parties correctly observe that the Magistrate Judge (not the ALJ) incorrectly addressed the Step 3 Listing of Impairments after finding no severe impairment at step 2, any such error in the Report does not disturb the Magistrate Judge's earlier (and correct) finding that substantial evidence supports the ALJ's non-severe finding at step two [ECF No. 33 p. 10].

pp. 17–20]. Specifically, the ALJ determined, after reviewing Plaintiff's entire medical record, that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his injuries were not as severe as he portrayed [ECF No. 20 pp. 18–19]. The ALJ reached this conclusion based on medical evidence from various doctors who evaluated Plaintiff and who observed no swelling, no defects, and a normal range of motion [ECF No. 20 pp. 18–19]. For example, on May 14, 2019, Dr. Daniel Daria physically examined Plaintiff and noted that Plaintiff's neck had full range of motion; his thyroid was normal; his back had no tenderness, kyphosis, or scoliosis; he had a normal lumbar spine; and his musculoskeletal system showed that all of his joints had full range of motion with zero evidence of swelling, deformity, redness, warmth, subluxation, contractures, ankylosing, erythema, or fluid [ECF No. 20 pp. 19, 364–65]. Other doctors who examined Plaintiff delivered similar findings [ECF No. 20 pp. 18–20].[3] And two other doctors—a psychological consultant and a medical consultant to a state agency—both concluded that Plaintiff had neither a psychological medical determinable mental impairment nor a severe medical impairment, respectively [ECF No. 20 p. 20].

In addition to the medical records, the ALJ also properly relied on Plaintiff's testimony, who stated that he still rides his bike; has no trouble standing, sitting, or walking for 30 minutes at a time; and continued to work following his accident [ECF No. 20 pp. 39–60]. In 2017, for instance, Plaintiff was working in construction and carrying 90-pound bundles of shingles just as

---

[3] On May 6, 2018, Dr. Ethan Chapin noted that Plaintiff had no motor or sensory deficits and that an ultrasound of his lower extremities showed no sonographic evidence of deep venous thrombosis [ECF No. 20 pp. 258–268]. He treated Plaintiff again on June 8, 2018, reaffirming the absence of any motor or sensory deficits [ECF No. 20 pp. 318–27]. These findings are consistent with the records of Dr. Alan Sara, who treated Plaintiff in June 2018, noting normal range of motion in his extremities, no joint swelling, no clubbing, no cyanosis, and no focal sensory or strength defects. [ECF No. 20 p. 340].

he did before the accident [ECF No. 20 pp. 48–51]. And in 2019 and 2020, Plaintiff was able to clean pools for five to six hours per day [ECF No. 20 pp. 51–53].

In light of this record, the Court determines that the ALJ's finding of no disability is supported by substantial evidence. Contrary to Plaintiff's suggestion, the ALJ considered the full record, including Plaintiff's medical records that pre-dated the onset of his disability as well as Dr. Baker's post-accident assessment [ECF No. 20 pp. 18–20]. The Court declines to substitute its own judgment in place of the ALJ's. *See Simon*, 7 F.4th at 1104 (cautioning federal courts not to substitute their judgment for that of the Social Security Commissioner) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). Nor are Plaintiff's alternative explanations sufficient to disturb the ALJ's findings. Plaintiff claims the absence of medical records is attributable to a lack of insurance and therefore should not be considered as evidence that his ailments are not as severe as he claims. Plaintiff also responds that his recent work experience cleaning pools is not inconsistent with a severe disability. Both of these justifications go to the weight of the evidence, not whether there was substantial evidence to support the ALJ's decision.

Accordingly, for the foregoing reasons, the Report correctly concludes that the ALJ's determination of non-severe impairment is supported by substantial evidence.

B.  Report's Discussion of Section 1.18

Finally, as noted above, *supra* p. 5 n.2, and as argued by Defendant [ECF No. 35], any error in the Report's discussion of the step three Listing of Impairments does not present a reason—on de novo review—not to adopt the Report's conclusion that substantial evidence supports the ALJ's decision of non-severe impairment at step two. Prior to discussing the Listing of Impairments for musculoskeletal disorders in Section 1.18, the Report reviewed the evidence on which the ALJ relied and concluded that it was sufficient to support a finding of a non-severe impairment at step two in the ALJ's five-step process [ECF No. 33 pp. 8-10]. In other words, prior

to referencing the Listing of Impairments, the Report correctly determined that Plaintiff did not have a severe impairment as found by the ALJ. This Court agrees with that conclusion following de novo review, without reference to the Listing of Impairments.

## CONCLUSION

For the foregoing reasons, this Court finds that Magistrate Judge Reinhart's Report is well-reasoned and correct minus the additional discussion of the Listing Requirements [ECF No. 33 pp. 10–11]. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 33] is **ACCEPTED** in accordance with this Order.

    a. Plaintiff's Motion for Summary Judgment [ECF No. 25] is **DENIED**.

    b. Defendant's Motion for Summary Judgment [ECF No. 28] is **GRANTED**.

2. Final judgment will be entered separately pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 1st day of November 2022.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record